# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Larry Hardnett, | Case No. 2:21-cv-00941-JAD-DJA |
| Plaintiff | |
| v. | **Order Dismissing and Closing Case** |
| State of Nevada, et. al., | |
| Defendants | |

Plaintiff Larry Hardnett, an inmate at the Southern Desert Correctional Center, submitted an incomplete *in forma pauperis* application and an ex parte motion for appointment of counsel.[1] On May 19, 2021, this Court ordered the plaintiff to file a complaint and either pay the $402 filing fee or file a complete *in forma pauperis* application by July 19, 2021.[2]  That deadline expired without the filing of a complaint and a new application or payment of the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4]  In determining whether to dismiss an action

---

[1] ECF Nos. 1, 1-1

[2] ECF No. 2.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

1   on one of these grounds, the court must consider: (1) the public's interest in expeditious

2   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

3   defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

4   availability of less drastic alternatives.[5]

5       The first two factors, the public's interest in expeditiously resolving this litigation and the

6   court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The

7   third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

8   presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

9   ordered by the court or prosecuting an action.[6]  A court's warning to a party that its failure to

10  obey the court's order will result in dismissal satisfies the fifth factor's "consideration of

11  alternatives" requirement,[7] and that warning was given here.[8]  The fourth factor—the public

12  policy favoring disposition of cases on their merits—is greatly outweighed by the factors

13  favoring dismissal.

14      IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice

15  based on the plaintiff's failure to file a complaint and an application to proceed *in forma*

16  *pauperis* or pay the filing fee as ordered.  The Clerk of Court is directed to **ENTER**

17  **JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other documents may be filed in**

18

19

20

---

21  [5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130;
    *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

22  [6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

23  [7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

    [8] ECF No 2 at 3.

1  **this now-closed case.**  If Larry Hardnett wishes to pursue his claims, he must file a complaint in

2  a <u>new</u> case, and he must either pay the $402 filing fee or file a complete *in forma pauperis*

3  application in that new case.

4        Dated: July 30, 2021

5        _____

6        U.S. District Judge Jennifer A. Dorsey